# Commonwealth ex rel. Schuylkill County and Tamaqua Borough *v.* Sitler et al., Appellants.

*Public officers—Tax collector — Bond — Default — Liability of sureties.*

1. The sureties on a tax collector's bond are liable after the expiration of the settlement period to pay over or account for the full amount of the duplicates, including the taxes uncollected, less taxes paid over or accounted for according to law.

2. Where a tax collector was convicted and sentenced for the embezzlement of only a part of the amount for which he was in default, the liability of the tax collector's sureties is not restricted to such amount, and a petition to open the judgment against a surety entered for the full amount of the default and to discharge the sureties of liability further than for the amount which the collector was convicted of having taken, was properly dismissed

without prejudice to the surety to make defense in any action thereafter taken on the bond or judgment entered thereon.

3. Where a tax collector is appointed by the court to succeed a defaulting tax collector the turning over of the duplicates to the duly appointed collector does not relieve the sureties of the former collector from their liability on the bond.

Argued Feb. 19, 1918.   Appeal, No. 378, Jan. T., 1918, by defendant, from judgment of C. P. Schuylkill Co., May T., 1916, No. 328, entered by confession, in case of Commonwealth of Pennsylvania, ex Relatione County of Schuylkill, and Borough of Tamaqua v. C. E. Sitler, W. A. Sitler, Isaac Christ, S. G. Seligman, G. A. Wilford, Nels Nelson, C. W. Royer, C. O. Seiberling, Geo. Krell and L. F. Remaly.   Before BROWN, C. J., POTTER, STEWART, FRAZER and WALLING, JJ.   Affirmed.

Judgment on tax collector's bond certified from the Court of Quarter Sessions to the Court of Common Pleas.

Rule to show cause why W. A. Sitler should not be discharged from further liability on tax collector's bond for years 1913 and 1914.

The facts appear from the following opinion by KOCH, J.:

C. E. Sitler became collector of taxes in the Borough of Tamaqua some years ago and as such was entitled to the duplicates issued in the years 1913 and 1914.   Being in default for some of the taxes in said duplicates levied and assessed, Clinton E. Sitler's bonds for the years 1913 and 1914 were entered to the above numbers and term. W. A. Sitler, the petitioner, is one of the numerous sureties on C. E. Sitler's bonds.   This is not the first attempt of W. A. Sitler to escape his liability under the bonds entered to the above numbers.   A former rule to show cause why the judgment entered to No. 326, May Term, 1916, should not be stricken from the record or the judgment opened, etc., was discharged and our order was subsequently affirmed by the Supreme Court.   In effect,

so far as this petition is concerned, there is no difference, whether the judgment be stricken from the record or this rule be made absolute. If the reasons for making this rule absolute be good, they were good when the other rule was obtained and should have been stated then. The reasons now relied upon, if good at all, would be good reasons why all the other sureties should be relieved. We do not think as many separate days in court as there are sureties and reasons taken together should be allowed to get rid of such liability. One day in court ought to be sufficient for all purposes and for all concerned. However, we will consider the reasons now here assigned for our disposal.

In the fall of 1915, said collector of taxes departed Tamaqua and went to Oregon, leaving no knowledge of his whereabouts to the people of Tamaqua. He was considered a defaulter and regarded as an absconder, and a number of his bondsmen petitioned this court to appoint some one to fill an alleged vacancy in said office. The present petitioner is the father of said C. E. Sitler and was one of the most urgent to have said alleged vacancy in office filled by our appointment. Our late colleague, Judge BRUMM, in consideration of the premises, handed down an order appointing George M. Krell in December, 1915. Krell is one of said bondsmen and joined with some of them in having the appointment made. The appointment of Krell was not favored by W. A. Sitler, the present petitioner, as I recall the matter. After Krell's appointment, Judge BRUMM made a peremptory order directing C. E. Sitler's brother, who was his deputy and had charge of the duplicates and the office, to hand over said duplicates to said Krell.

The custodian of the duplicates complied and delivered the same to said Krell. Soon thereafter, C. E. Sitler was arrested in Oregon on a warrant issued in Tamaqua charging him with embezzlement and he was brought back, indicted, tried, convicted and sentenced to prison. The amount for which he was convicted of em-

bezzling was only $176.65, whereas, it is claimed that the balances due to the Borough of Tamaqua on the duplicates for 1913 and 1914 are respectively $1,379.17 and $6,611.03, and the balances due to the County of Schuylkill on the duplicates issued for the years 1913 and 1914 are respectively $3,779.19 and $9,224.26, and we are urged to infer that C. E. Sitler collected only $176.65 of said balances, and, after drawing such inference, we are further urged to say that C. E. Sitler "is not liable for failing to pay over moneys not collected and that the sureties on his bond are not liable therefor." Impliedly, the contention of the petitioner admits as correct the balances stated as uncollected. Such being the case, there is no escape from liability under the condition of the bonds which require that the whole amount of the taxes must be collected and paid over or accounted for according to law. If it be true that the large amount remaining over and above the $176.65 remains uncollected, then the collector has failed to account for same, and after the lapse of all this time he is certainly in default and he and his sureties are liable on the bonds. Various statutes fix the times within which collectors of taxes are required to make settlements and the limit has expired for all of said duplicates. It is, therefore, absurd to contend that said tax collector settled or accounted, "according to law" for said balances.

W. A. Sitler, the petitioner, further insists that when Krell was appointed and given charge of the duplicates, which officially and of right belong to C. E. Sitler, C. E. Sitler and his sureties thereby became ipso facto released from further liability on the said bonds. With this contention, we cannot agree, because it lay not within the power of the court to appoint Krell and thereby oust Sitler under the circumstances. We covered this matter hitherto in an opinion filed to No. 109, March Term, 1916, and deem it unnecessary to here go over the same question again. The reasons for our conclusion are there fully stated. Now if Sitler stands by and looks

on as Krell collects the taxes which Sitler himself should collect or should deputize some one else to collect for him, it does not release the sureties from the condition that Sitler shall collect and pay over or account for, according to law, the whole amount of taxes charged and assessed in the several duplicates which were delivered to Sitler. Sitler or his sureties, or both, should make settlement of the balances due on the several duplicates and thereafter all uncollected taxes may become available for the reimbursement of Sitler and his sureties, but the borough and the county cannot be held up until it pleases Sitler to collect the taxes. Each is entitled now to the balances due to them, respectively.

The lower court dismissed the petition. Wallace A. Sitler appealed.

*Error assigned* was in dismissing the petition.

*J. O. Ulrich,* for appellant.

*Arthur L. Shay,* with him *R. J. Graeff,* Borough Solicitor, and *C. A. Snyder,* County Solicitor, for appellee.

PER CURIAM, March 11, 1918:

This appeal is dismissed, at appellant's costs, on the opinion of the learned court below discharging the rule to show cause why he should not be discharged from further liability on the tax collector bonds of C. E. Sitler. This order is without prejudice to the right of the appellant to make defense in any action which may hereafter be taken on the said bonds, or the judgments entered thereon.